IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

ELECTRONICALLY
FILED
Dec 01 2022
U.S. DISTRICT COURT
Northern District of WV

**MICHELLE PRETTYMAN**, on behalf of
Herself and all others similarly situated,

    PLAINTIFF,

v.                                          CIVIL ACTION NO. **5:22-CV-293 (Bailey)**

**CGAP, INC., D/B/A/ MORTGAGEDEPOT,**
and **U.S. BANCORP**,

    DEFENDANTS.

## CLASS ACTION COMPLAINT

Plaintiff Michelle K. Prettyman on behalf of herself and all others similarly situated alleges violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), breach of contract, and unjust enrichment against Defendants CGAP, Inc., d/b/a MortgageDepot and U.S. Bancorp. In support of these claims, Plaintiff states as follows:

## NATURE OF THE CASE

1.    This is an action to recover damages and unearned profits from Defendants, mortgage loan servicers that routinely charge and collect illegal payment processing fees from borrowers making their monthly mortgage payments online or by telephone (collectively, "Pay-to-Pay Fees").

2.    Defendants are industry leading holders and servicers of residential mortgages that impermissibly profit from homeowners they purportedly service by charging and collecting illegal Pay-to-Pay Fees. Despite their uniform contractual obligations to charge only fees explicitly allowed under the mortgage deed of trust and applicable law, Defendants leverage their position of power over homeowners and demand exorbitant Pay-to-Pay Fees.

1

3. As loan servicers, Defendants are supposed to be compensated out of the interest assessed to borrowers in their monthly payments—not via additional "service" fees that do not reflect the cost to Defendants of providing such services. Upon investigation and belief, the actual cost for Defendants to process online mortgage payment transactions is around fifty cents per transaction. Defendants charge homeowners Pay-to-Pay Fees that can cost upwards of $10 per transaction and pocket the difference as pure profit.

4. This conduct breaches the uniform terms of borrowers' mortgages ("Uniform Mortgages"). Under West Virginia law, Defendants cannot impose charges that are not explicitly included in the Deed of Trust to create a profit center for itself. Plaintiff's Deed of Trust does not authorize Pay-to-Pay Fees. By charging unauthorized Pay-to-Pay Fees, Defendants violate their contractual obligations to its borrowers.

5. Even if the fees were explicitly included in the Deed of Trust, Defendants cannot charge fees in West Virginia unless the fees are authorized by statute. None of the Pay-to-Pay Fees charged by Defendants are permitted by statute. Therefore, Defendants violate the WVCCPA, W. Va. Code §§ 46A-1-101 *et seq.*, by charging those fees.

6. Plaintiff Michelle Prettyman paid Defendants' Pay-to-Pay Fees and brings this class action lawsuit individually and on behalf of all similarly situated putative class members to recover against Defendants and to enjoin them from charging these unlawful fees.

## PARTIES, JURISDICTION, AND VENUE

7. Plaintiff Michelle K. Prettyman is a natural person and citizen of West Virginia who resides in Moundsville, Marshall County, West Virginia.

8. CGAP, Inc., d/b/a/ MortgageDepot ("MortgageDepot") is a corporation incorporated under the laws of New York, with its principal place of business at 125-10 Queens Boulevard, Suite 316, Kew Gardens, New York 11415.

9. U.S. Bancorp ("USB") is a corporation incorporated under the laws of Delaware, with its principal place of business at U.S. Bancorp Center, 800 Nicollet Mall, Minneapolis, Minnesota 55402.

10. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because this is a putative class action wherein, upon information and belief, the aggregate amount in controversy exceeds $5,000,000; there are over 100 class members; and minimal diversity requirements are met. *See* 28 U.S.C. § 1332(d)(2).

11. This court has personal jurisdiction over Defendants because they conduct business in West Virginia and commit torts in West Virginia, as described in this Complaint.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the cause of action accrued in this District.

### FACTUAL ALLEGATIONS

**The Mortgage Servicing Industry**

13. Lenders of residential mortgage loans rarely service the loans they extend. Lenders typically specialize in the origination of the loan, and in many cases, they are not equipped to handle the day-to-day administrative tasks that come with servicing a mortgage. Instead of managing these duties in-house, lenders assign the servicing rights of their loans to a mortgage servicer.

14. A mortgage servicer is a company that specializes in the actual management and administration of mortgage loans, including receiving and processing payments, sending monthly statements, managing escrow accounts, and customer service.

15. There are two main assignable rights under a Deed of Trust and Note. There are ownership rights as the lender under the agreement. Separately, there are mortgage servicing rights that entitle the lender to enforce the Deed of Trust, collect mortgage loan payments, and charge fees allowed by the Note and Deed of Trust.

16. MortgageDepot is a lender, mortgage broker, and servicer that operates around the country. MortgageDepot buys loans, including mortgage servicing rights, and exercises those mortgage servicing rights to collect mortgage payments, charge fees, and enforce the Deed of Trust and Note.

17. USB is a lender, mortgage broker, and servicer that operates around the country. Mortgage Depot buys loans, including mortgage servicing rights, and exercises those mortgage servicing rights to collect mortgage payments, charge fees, and enforce the Deed of Trust and Note.

18. When MortgageDepot or USB purchases from another lender either a loan in its entirety or the mortgage servicing rights to a loan, they do so in a private transaction. The terms of the assignment or purchase agreements between Defendants and third-party lenders are not publicly available.

19. Each time a mortgage borrower whose loan is serviced by MortgageDepot and/or USB makes a payment over the phone, Defendants charge the borrower a Pay-to-Pay Fee of up to $11.00.

20. Typically, a mortgage loan servicer will use a vendor to process the transaction. The average market cost that servicers like Defendants pay vendors to process Pay-to-Pay Transactions is about fifty cents or less per transaction. The Association for Financial Professionals wrote a report in 2015 finding that the median cost for processing electronic payment transactions was between 37 and 75 cents. Thus, the actual cost to Defendants to process the Pay-to-Pay Transactions is well below the $11.00 fees charged to borrowers.

21. The terms of the Uniform Mortgages that Defendants service do not authorize Defendants to collect Pay-to-Pay Fees. In fact, the Pay-to-Pay Fees violate borrowers' mortgages.

22. There is no statute that authorizes either MortgageDepot or USB to collect Pay-to-Pay Fees.

**Named Plaintiff's Facts**

23. Plaintiff entered into a mortgage loan agreement on October 18, 2012, for a principal amount of $60,846.00, secured by her residence. Ex. A (Deed of Trust). The loan was for personal, family, or household use.

24. Plaintiff's Deed of Trust contained a section titled "UNIFORM COVENANTS" which provided, "**Fees.** Lender may collect fees and charges authorized by the Secretary." *Id.* at 2, 5 § 8 (emphases in original). The Deed of Trust also provided that the "covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender. . . ." *Id.* at 6.

25. Moreover, the Deed of Trust provided that it "shall be governed by Federal law and the law of the jurisdiction in which the Property is located," which, here, is West Virginia. *Id.* at 7.

26. Defendants MortgageDepot and USB subsequently acquired Plaintiff's mortgage loan and its servicing rights by assignment. Additionally, as servicers, Defendants asserted the right to collect payments and perform services under the Deed of Trust on behalf of the lender.

27. Defendants thus became bound as assignees to the Deeds of Trust at the time they acquired servicing rights to the subject mortgage loans.

28. Thereafter, when Plaintiff made mortgage loan payments over the telephone or online, Defendants charged Plaintiff an $11.00 Pay-to-Pay Fee for each Pay-to-Pay Transaction.

29. When making a telephone payment, Plaintiff could either elect to have the payment processed through an automated system or through a representative. In either circumstance, the payment was processed electronically.

30. Neither the Note nor Deed of Trust entitled Defendants to assess fees for scheduled payments, electronic payments, online payments, or telephone payments.

31. West Virginia Code section 46A-2-127(g) prohibits "[a]ny representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation."

32. By charging or collecting Pay-to-Pay Fees, Defendants attempted to collect from Plaintiff a part of the Defendants' fee or charge for services rendered, in violation of W. Va. Code § 46A-2-128(c).

33. By charging or collecting Pay-to-Pay Fees not authorized by the Deed of Trust and/or Note, Defendants violated W. Va. Code 46A-2-128(d).

34. By collecting Pay-to-Pay Fees in violation of West Virginia law, Defendants breached the uniform covenants in the Deed of Trust.

35. Plaintiff sent Defendants notice and right to cure in accordance with W. Va. Code § 46A-5-108(a). Ex. B.

## CLASS ACTION ALLEGATIONS

36. Plaintiff incorporates the preceding paragraphs by reference.

37. Plaintiff brings this action on behalf of the following class of persons (the "Class"), subject to modification after discovery and case development:

> **All persons (1) with a residential mortgage loan securing a property in West Virginia, (2) where the lender, broker, servicer or sub-servicer is MortgageDepot or USB, and (3) who paid a fee to either MortgageDepot or USB for making a loan payment by telephone, by interactive voice recognition (IVR), or by other electronic means, during the applicable statutes of limitations through the date a class is certified.**

38. Excluded from the classes are Defendant, any entities in which it has a controlled interest; its agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

39. The putative class is so numerous that joinder of all members is impractical.

40. The exact Class size is ascertainable and Class members are identifiable through Defendants' business records and payment databases.

41. There are questions of law and fact common to the putative class that predominate over any questions affecting only individual class members, including, but not limited to:

   a. Whether Defendants assessed Pay-to-Pay Fees on Class members;

   b. Whether Defendants breached their contracts with borrowers by charging Pay-to-Pay Fees not authorized by their Deed of Trusts;

   c. Whether Defendants violated the WVCCPA by charging customers for Pay-to-Pay Fees that are part of their fee or charge for services rendered;

    d. Whether Defendants violated the WVCCPA by charging Pay-to-Pay Fees not authorized by the loan agreement and by statute;

    e. Whether Defendants' business practices are unlawful;

    f. Whether Plaintiffs and the Class were damaged by Defendants' conduct;

    g. Whether Plaintiff and the Class are entitled to restitution;

    h. Whether Plaintiff and the Class are entitled to actual and/or statutory damages as a result of Defendants' actions; and

    i. Whether Plaintiff and the Class are entitled to attorney's fees and costs.

42. The principal common issues involve whether Defendants' conduct regarding the aforementioned communications constitutes a violation of the debt collection practices provisions of the WVCCPA and/or breached the contract provisions found in the Uniform Covenants section of the Deed of Trust.

43. Plaintiff's claims are typical of the claims of the Class members. Defendants charged her a Pay-to-Pay Fee in the same manner as the rest of the Class members. Plaintiff and the Class members entered into uniform covenants in their Deed of Trusts that prohibit Pay-to-Pay charges.

44. Plaintiff proposes that she serve as a class representative.

45. Plaintiff will fairly and adequately protect the interests of the class. She has suffered pecuniary injury as a result of Defendants' actions and will, accordingly, vigorously litigate this matter. Plaintiff is greatly annoyed at being the victim of Defendants' illegal and fraudulent conduct and wishes to see that wrong remedied. To that end, Plaintiff has retained counsel experienced in claims involving unfair business practices and consumer protection.

46. Neither the Plaintiff nor her counsel has any interest that might prevent them from vigorously pursuing this claim.

47. A class action is a superior method for the fair and efficient adjudication of this particular claim and controversy. There are no difficulties likely to be encountered by the court in management of this putative class action. The issues of liability are determinable entirely from the face of the operative plans and payments records.

48. The management of this class claim is likely to present significantly fewer difficulties than those presented in many larger, and more complex, class actions.

49. The interest of putative class members in individually controlling and maintaining the prosecution of separate claims against Defendants is small due to the time and expense necessary to conduct such litigation. In addition, it is likely that most class members are unaware that they have claims. Finally, the prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications regarding the individual class members.

50. As a proximate and/or foreseeable result of Defendants' wrongful conduct, each member of the putative Class has suffered actual and/or statutory damages.

**COUNT I**
**Violation of the WVCCPA**
**W. Va. Code §§ 46A-1-101 *et seq.***
**On Behalf of Plaintiff and the Class**

51. Plaintiff is a "person" who falls under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

52. Defendants are "debt collectors" as defined by the WVCCPA at section 46A-2-122(d) that are engaging directly or indirectly in "debt collection" as defined by section 46A-2-122(c) within the State of West Virginia, including Marshall County, West Virginia.

53. Defendants have engaged in repeated violations of Article 2 of the WVCCPA, including but not limited to:

   a. utilizing fraudulent, deceptive or misleading representations or means regarding Plaintiffs' mortgage loan status in an attempt to collect a debt or obtain information regarding Plaintiffs in violation of W. Va. Code § 46A-2-127;

   b. falsely representing the character, extent, or amount of claims against Plaintiff and class members, in violation of W. Va. Code § 46A-2-127(d);

   c. representing that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation in violation of W. Va. Code § 46A-2-127(g);

   d. using unfair or unconscionable means to collect a debt from Plaintiff in violation of W. Va. Code § 46A-2-128;

   e. collecting or attempting to collect all or any part of the debt collector's fee or charge for services rendered, in violation of W. Va. Code § 46A-2-128(c);

   f. collecting or attempting to collect fees, which are neither expressly authorized by any agreement creating or modifying the obligation or by statute or regulation, in violation of W. Va. Code § 46A-2-128(d); and

      g. threatening to take any action prohibited by Chapter 46A of the West Virginia Code or other law regulating the debt collector's conduct in violation of W. Va. Code § 46A-2-124(f).

54. As a result of the Defendants' actions, Plaintiff and each member of the putative class has suffered actual and/or statutory damages.

## COUNT II
### Breach of Contract
### On Behalf of Plaintiff and the Class

55. Plaintiff incorporates the preceding paragraphs by reference.

56. Plaintiff purchased a home subject to the Note and Deed of Trust.

57. Plaintiff's Deed of Trust contained a section titled "UNIFORM COVENANTS" which provided, "**Fees.** Lender may collect fees and charges authorized by the Secretary." Ex. A, 2, 5 § 8 (emphases in original). The Deed of Trust provided that it "shall be governed by Federal law and the law of the jurisdiction in which the Property is located," which, here, is West Virginia. *Id.* at 7.

58. Moreover, the Deed of Trust also provided that the "covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender. . . ." *Id.* at 6. At some point, Defendants were assigned the servicing rights to Plaintiff's loan. As servicers, Defendants had the right to collect payments and perform services for the borrowers, including Plaintiff, on behalf of the lender. Defendants thus became bound as assignees to the Deeds of Trust at the time they acquired servicing rights to the subject mortgage loans.

59. When Plaintiff made mortgage payments electronically and/or by phone, Defendants charged up to an $11.00 Pay-to-Pay fee.

60. Neither the Note nor the Deed of Trust authorizes Defendants to assess Pay-to-Pay Fees for electronic, telephone, or scheduled payments.

61. Defendants breached their contracts with Plaintiff and the Class when they charged Pay-to-Pay Fees that were not agreed to in the uniform Deeds of Trust and were specifically prohibited by the Deeds of Trust.

62. By collecting fees in violation of the WVCCPA, as described above, Defendants breached the Deed of Trust and Note.

63. The above paragraphs that Defendants breached are contained in the Uniform Covenants sections of each of the Deeds of Trust. Defendants have thus breached their contracts on a class-wide basis.

64. Plaintiff and the Class were harmed by these breaches and suffered out of pocket losses.

## COUNT III
### Unjust Enrichment
### On Behalf of Plaintiff and the Class

65. Plaintiff incorporates the previous paragraphs as if fully set forth herein.

66. Defendants were unjustly enriched by the payments Plaintiff made in excess of the amount actually owed under her mortgage contract.

67. It is inequitable and unconscionable for Defendants to retain the overpayments of Plaintiff and the Class under these circumstances as Pay-to-Pay Fees are unauthorized by the Uniform Mortgages and Defendants assessed them against Plaintiffs and the Class purely as a profit-making scheme.

68. Plaintiff and the Class were financially damaged as a result of Defendants' actions and continue to suffer harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the court, on behalf of Plaintiff and on behalf of all Class members:

69. Certify this case as a class action under Rule 23 of the Federal Rules of Civil Procedure, and designate Plaintiff as representative for the class and her undersigned counsel as counsel for the class;

70. Temporarily and permanently enjoin Defendants from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

71. As authorized by W. Va. Code §§ 46A-5-101(1) and -106, award a civil penalty to Plaintiff and all class members for each violation of any provision of Chapter 46A;

72. Award the actual and/or compensatory damages incurred by Plaintiff and all class members, including any overpayment of fees;

73. Award pre- and post-judgment interest at the proper rate allowed by law;

74. Award reasonable attorneys' fees and costs pursuant to W. Va. Code §§ 46A-5-104 and -106(a);

75. Award appropriate and necessary equitable relief for Plaintiff and class members;

76. Enter judgment against the Defendants and in favor of the Plaintiff and the Class on all claims and declare Defendants' conduct illegal; and

77. Award all other relief this court deems appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

DATED: December 1, 2022                                    Respectfully submitted,

          <u>/s/ Jonathan R. Marshall</u>
          Jonathan R. Marshall (WVSN #10580) jmarshall@baileyglasser.com
          Patricia M. Kipnis (WVSB #12896)
          pkipnis@baileyglasser.com
          Bailey & Glasser, LLP
          209 Capitol Street
          Charleston, WV 25301
          (304) 345-6555
          (304) 342-1110