IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
**Wheeling Division**

**MICHELLE PRETTYMAN,**
individually and on behalf of a class of
similarly-situated persons,

                        **Plaintiff,**                      Civil Action No. 5:22cv293-JPB

vs.

**U.S. BANK, N.A,**

                        **Defendant.**

## ORDER ON MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SCHEDULING ORDER

Pending before the Court is a Motion for Preliminary Approval of Class Action Settlement filed by Plaintiff Michelle Prettyman ("Plaintiff"), on behalf of a proposed settlement class. Plaintiff and Defendant U.S. Bank National Association ("U.S. Bank") have agreed to settle this Action pursuant to the terms and conditions set forth in a written Settlement Agreement (the "Settlement"). Plaintiff and U.S. Bank reached the Settlement after exchange of class discovery and through arms'-length negotiations among counsel. After careful consideration, this Court GRANTS the motion and, in exercise of its discretion, APPROVES the Settlement on a preliminary basis, based on the following findings and conclusions.

<u>The Class, the Class Representative, and Class Counsel</u>

The parties have agreed to certification of a Settlement Class for settlement purposes only, defined as:

> All persons (1) with a residential mortgage loan secured by property in West Virginia, (2) serviced or sub-serviced by U.S. Bank, and (3) who were assessed by and/or paid to U.S. Bank a convenience fee in connection with making a mortgage

1

loan payment online or by phone (whether agent-assisted, via interactive voice recognition (IVR), or otherwise) during the Class Period. The class consists of borrowers on 746 accounts, who were assessed a total of 4,547 convenience fees during the Class Period.

The Court has considered the submissions of the parties with respect to the temporary and conditional certification of the Class for settlement purposes only and has analyzed the proposed settlement pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) and 23(e). The Court **PRELIMINARILY FINDS**, for settlement purposes only and conditioned upon the entry of this Order that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied in that: (a) the Settlement Class conditionally certified herein numbers approximately 746 loans, and joinder of all such borrowers on those loans would be impracticable; (b) there are questions of law and fact that are common to the Class, and those questions of law and fact common to the Settlement Class predominate over any questions affecting any individual class member; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class she seeks to represent for purposes of settlement; (d) a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute; and (e) as set forth below, Plaintiff and Class Counsel are adequate representatives of the Settlement Class. Defendant retains all rights to assert that this action may not be certified as a class action, other than for settlement purposes. The Settlement Class is hereby provisionally certified for settlement purposes only.

Upon consideration of the factors set forth in Fed. R. Civ. P. 23(g), the Court appoints Michelle Prettyman as Class Representative for the Settlement Class. The Court appoints the following firm and attorneys as Class Counsel:

**BAILEY & GLASSER LLP**
Jonathan R. Marshall
Patricia M. Kipnis
James L. Kauffman

<u>Preliminary Approval of Settlement</u>

Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiff and the proposed Settlement Class would fully, finally, and forever resolve, discharge, and release all claims regarding U.S. Bank's fees for optional payment services in exchange for U.S. Bank's payment of $910,000.00 (the "Settlement Fund") to create a common fund to benefit the Settlement Class. This Settlement Fund will be used to pay Settlement Payments to Settlement Class Members, which payments will be allocated on a per-fee basis. The Settlement Amount is inclusive of all Attorneys' Fees and Expenses, court costs, Class Notice and other Administrative Costs, and Incentive Award to Plaintiff, all in amounts to be approved by the Court.

The Court has considered the proposed settlement in light of Rule 23(e)(1)(B), which states that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to:

(i) approve the proposal under Rule 23(e)(2); and
(ii) certify the class for purposes of judgment on the proposal.

Consistent with this directive, the Court has analyzed each factor set forth in Rule 23(e)(2), which states as follows:

*Approval of the Proposal.* If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:

(A) the class representatives and class counsel have adequately represented the class;
(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

This settlement easily meets all these criteria for likely final approval. Therefore, the Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, and is the product of informed, good-faith, arms'-length negotiations between the parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter final judgment.

<u>Approval of Notice and Notice Program and Direction to Effectuate Notice.</u>

The Parties have agreed that Class Counsel will select a Settlement Administrator and Class Counsel have selected Epperly Re:Solutions. The Court approves that selection and appoints Epperly Re:Solutions as the Settlement Administrator to perform in accordance with the Settlement Agreement.

The Court approves the form, manner, and content of the Class Notice, substantially in the form attached as Exhibit A to the Settlement Agreement, and the procedures for Settlement Class

Members to opt out or object. The Court further finds that the Notice program, described in section 10 of the Settlement Agreement, is the best practicable under the circumstances. The Notice program is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, the terms of the Settlement, Class Counsel's Fee Application and request for an Incentive Award for Plaintiff, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's Fee Application, and/or the request for an Incentive Award for Plaintiff. The Class Notice and Notice program constitute sufficient notice to all persons entitled to notice. The Class Notice and Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rules of Civil Procedure 23(c) and 23(e)(1) and the Constitutional requirement of due process.

Pursuant to the terms of the Settlement Agreement, U.S. Bank is hereby directed to supply, after a confidentiality and non-disclosure agreement is executed by the Settlement Administrator, an electronic list or lists to the Settlement Administrator containing the names, fees paid, last known addresses, and social security numbers of Settlement Class Members, to the extent available from U.S. Bank's records, and the Settlement Administrator shall update the addresses in accordance with the Settlement Agreement. U.S. Bank shall provide Class Counsel with a version of the Class List with the social security numbers redacted.

No later than twenty-one (21) days following entry of this Order, the Settlement Administrator shall mail the Class Notice by first class United States mail to the updated addresses for the Settlement Class. Any Class Notices returned as undeliverable, but with a forwarding address, shall be promptly re-mailed to the forwarding address. The Settlement Administrator shall perform a National Change of Address Registry and LexisNexis/Death Records Search for

all Class Notices returned as undeliverable, without a forwarding address. Such Class Notices shall be re-mailed upon discovery of a valid mailing address for the Settlement Class Member.

The costs and expenses of printing, preparing, and mailing the Class Notice shall be paid from the Settlement Fund. The costs and expenses for re-mailing any Class Notices shall be paid from the Settlement Fund as well.

<u>Final Approval Hearing, Opt-Outs, and Objections</u>

The Court directs that a Final Approval hearing shall be scheduled for _August 24_, 2023, at _10:00_ a.m./~~p.m.~~, to assist the Court in determining whether to grant Final Approval of the Settlement and enter final judgment, and whether Class Counsel's Fee Application and request for Incentive Award for Plaintiff should be granted.

The Court directs that any person within the Settlement Class definition who wishes to be excluded from the Settlement Class may exercise the right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Class Notice at any time before the Opt-Out Deadline. To be valid and timely, opt-out requests must be postmarked on or before the Opt-Out Deadline and mailed to the address indicated in the Class Notice, and must:

1) identify the case name;

2) identify the name, current address, property address, loan number and last four digits of the Social Security Number of the Settlement Class Member;

3) be personally signed by the Settlement Class Member requesting exclusion; and

4) contain a statement that indicates a desire to be excluded from the Settlement Class in the Action, such as "I hereby request that I be excluded from the proposed Settlement Class in the Class Action."

Mass or class requests for exclusion shall not be allowed. Each co-borrower must submit a request for exclusion in order for a Settlement Class Member to validly opt out of the Settlement Class.

The Opt-Out Deadline shall be stated as a date certain in the Class Notice and shall be no less than thirty (30) days after Class Notice is mailed. All persons within the Settlement Class who do not timely and validly opt-out shall be bound by the terms of the Settlement.

The Court further directs that any member of the Settlement Class who does not timely and validly opt-out may object to the Settlement, Class Counsel's Fee Application, and/or the request for an Incentive Award for Plaintiff. Objections must be in writing and electronically filed with the Court or mailed to the Clerk of the Court. For an objection to be considered by the Court, the objection must be electronically filed or mailed first-class postage prepaid and addressed in accordance with the instructions and the postmark date indicated on the envelope must be no later than the Objection Deadline, as specified in the Class Notice which Objection Deadline shall be a date no less than thirty (30) days after Class Notice is mailed by the Settlement Administrator. For an objection to be considered by the Court, the objection must also set forth:

    a.    The name of the Action;

    b.    The objector's full name, address, telephone number, and loan number;

    c.    An explanation of the basis upon which the objector claims to be a Settlement Class Member;

    d.    All grounds for the objections, accompanied by any legal support for the objection;

    e.    For any objector who did not receive Class Notice and claims to be a member of the Settlement Class, the objector must provide:

      i.     A true and correct copy of the objector's residential mortgage loan; and

      ii.    A true and correct copy of documents showing that the objector, during the Class Period, paid to U.S. Bank a fee for optional payment services and the Fee was not waived or refunded.

f.    The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

g.    The identity of all counsel representing the objector who will appear at the Final Approval Hearing;

h.    A list of any persons who will be called to testify at the Final Approval Hearing in support of the objection;

i.    A statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

j.    The objector's signature (an attorney's signature is not sufficient).

k.    A list of all other objections and consideration paid to resolve them.

### Further Papers In Support Of Settlement and Fee Application

Plaintiff shall file her Motion for Final Approval of the Settlement, and Class Counsel shall file their Fee Application and request for Incentive Award for Plaintiff, no later than seven (7) days after the Opt-Out Deadline. If U.S. Bank chooses to file any papers in support of the Settlement, it also must do so no later than twenty-one (21) days after the Opt-Out Deadline.

### Stay/Bar Of Other Proceedings

- 9 -

All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Persons (as defined in the Settlement Agreement) any action or proceeding in any court, arbitration forum or tribunal asserting any of the Settled Claims.

Based on the foregoing, the Court sets the following schedule for the Final Approval hearing and the actions which must precede it:

- The Settlement Administrator shall mail the Notice no later than twenty-one (21) days from the date of this Order (the "Notice Date");

- Settlement Class Members must file any objections to the Settlement, the Motion for Final Approval of the Settlement, Class Counsel's Fee Application and/or the request for a service award no later than the Objection Deadline specified in the Notice which shall be no earlier than thirty (30) days after the mailing of the Notice;

- Settlement Class Members must file requests for exclusion from the Settlement no later than the Opt-Out Deadline specified in the Notice which shall be no earlier than thirty (30) days after the mailing of the Notice;

- Plaintiff shall file her Motion for Final Approval of the Settlement, and Class Counsel shall file their Fee Application and Request for an Incentive award for Plaintiff, no later than seven (7) days after the Opt-Out Deadline; and

- The Final Approval Hearing will be held no sooner than 100 days after entry of this Order,[1] on __August 24__, 2023, at, __10:00__ a.m./~~p.m.~~ in the Courtroom of the Honorable John Preston Bailey, United States Courthouse, 1125 Chapline Street, Wheeling, West Virginia, 26003.

Jointly Agreed to and Submitted By:

/s/ *Patricia M. Kipnis*
Patricia M. Kipnis (WVSB #12896)
Jonathan R. Marshall (WVSB #10580)
James L. Kauffman (pro hac vice pending)
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555

*Counsel for Plaintiff and the Proposed Settlement Class*

/s/ *Gordon H. Copland*
Gordon H. Copland (WVSB #828)
Steptoe & Johnson PLLC – Bridgeport
400 White Oaks Blvd
Bridgeport, WV 26330
(304) 93308162

*Counsel for Defendant*

IT IS SO ORDERED.

Dated: __May 2__, 2023

cc: All Counsel of Record

---

[1] This Final Approval Hearing date is no earlier than 90 days after mailing of notices pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715.